IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER MAKRAS,

        Plaintiff,                    No. CIV S-08-266 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated June 21, 2007, the ALJ determined plaintiff was no longer disabled and that his disability ceased on June 1, 1995.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found that as of the comparison point decision, plaintiff had a severe impairment of severe right median nerve damage which equaled the requirements of Listing 1.12 of the Listing of Impairments; that as of June 1, 1995, plaintiff had a severe impairment of work-related severe median right forearm nerve damage, post several surgeries but this impairment does not meet or medically equal a listed impairment; plaintiff can perform medium work with certain limitations; plaintiff cannot perform his past relevant work; based on the testimony of a vocational expert, there are a significant number of jobs which plaintiff can perform; and plaintiff's disability ended as of June 1, 1995. Administrative Transcript ("AT") 35-41. Plaintiff contends substantial evidence does not support the ALJ's finding of medical improvement and the ALJ failed to appropriately develop the record.

II. Standard of Review

When previously granted benefits are terminated by the Commissioner, the burden of proof ordinarily shifts. Rather than resting on a current recipient of disability benefits to prove that he or she is disabled, the burden rests on the Commissioner to prove that the applicant is no longer disabled. "Once a claimant has been found to be disabled, . . .a presumption of continuing disability arises in [his] favor[, and the Commissioner] bears the burden of producing evidence

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(a).
In this case, plaintiff's disability benefits were terminated pursuant to a continuing disability review (CDR). This type of review is routinely conducted by the Commissioner to determine whether an individual is still disabled. An eight-step sequential process is used in the CDR. 20 C.F.R. § 404.1594(f).

1  sufficient to rebut this presumption of continuing disability." Bellamy v. Secretary of Health &
2  Human Serv., 755 F. 2d 1380, 1381 (9th Cir. 1985); see also Saltzman v. Apfel, 125 F. Supp. 2d
3  1014 (C.D. Cal. 2000) (same).  This evidence then is reviewed under the substantial evidence
4  standard.  Saltzman, 125 F. Supp. 2d at 1019 (citing Murray v. Heckler, 722 F.2d 499, 500 (9th
5  Cir. 1983)).
6           Substantial evidence means more than a mere scintilla of evidence, but less than a
7  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
8  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
9  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
10 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
11 The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.
12 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
13 conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may
14 not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;
15 see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports
16 the administrative findings, or if there is conflicting evidence supporting a finding of either
17 disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d
18 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was
19 applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).
20 III.  Analysis
21       A.  Medical Improvement
22           Plaintiff contends substantial evidence does not support the ALJ's finding that
23 plaintiff had medical improvement from the time he was found disabled in 1991.  As discussed
24 above, in a case of cessation of disability benefits, plaintiff is entitled to a presumption of
25 continuing disability but this presumption only shifts the burden of production to the
26 Commissioner, that is, the burden of coming forward with some evidence of medical

improvement. See Bellamy, 755 F. 2d at 1381.  Medical improvement is defined as any decrease in the medical severity of the impairment that was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled.  20 C.F.R. § 404.1579(b)(1).

Plaintiff was found disabled in a decision dated December 3, 1991.  AT 35, 204, 207.  For purposes of determining whether there was medical improvement, the 1991 decision is the comparison point decision ("CPD").  AT 35; see 20 C.F.R. § 404.1594(b)(7).  In the 1991 CPD, plaintiff was found to meet Listing 1.12 due to severe right median nerve damage.  AT 206.

Plaintiff contends the ALJ in the decision at issue here erroneously based his finding of medical improvement on an unsigned consultative report.  AT 328-329; see 20 C.F.R. § 404.1519n(e).  While plaintiff is correct that the consultative report is unsigned, the report is not the only evidence relied on by the ALJ in concluding that plaintiff had experienced medical improvement.  AT 38-39.  Review of the entirety of the record demonstrates the ALJ's finding of medical improvement is properly supported.  In 1990, plaintiff's grip strength was significantly reduced in comparison to the findings in 1995.  AT 184 (right hand 13/20/10, left hand 87/85/86); cf. AT 329 (right hand 40/45/50, left hand 80).  The change in grip strength measurements factored into the state agency physician's opinion that plaintiff had medical improvement.  AT 262; see also AT 625 (in 1999, right wrist had full forceful grip without pain); AT 702 (in 2003, wrist extension on both sides 4+/5 weakness).  The ALJ also considered the 2004 report of an orthopedic examiner who questioned whether plaintiff was making a full effort with his right hand, AT 39, 734, and noted the report of the psychological consultative examiner who observed normal use of plaintiff's right hand.  AT 39, 681.  The ALJ also appropriately considered plaintiff's ability to work eight months as a newspaper pressman in 1992.  AT 39, 475, 513.  The ALJ further considered the lack of treatment after plaintiff was released from his treating physician in 1991.  AT 201, 326.  The consultative physician testified that plaintiff did

4

not meet the Listings after 1995 with respect to his hand impairment. AT 845. Similarly, the state agency physician in 2002 found plaintiff did not meet a Listing. AT 628-635. Substantial evidence supports the ALJ's finding that there was a decrease in the medical severity of the impairment that was present at the time of the most recent favorable medical decision.

       B.  <u>Development of the Record</u>

Plaintiff contends the ALJ failed to properly develop the record. Disability hearings are not adversarial. See <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991); <u>see also Crane v. Shalala</u>, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition which could have a material impact on the disability decision. See <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir.1996); <u>Wainwright v. Secretary of Health and Human Services</u>, 939 F.2d 680, 682 (9th Cir.1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting <u>Smolen</u>, 80 F.3d at 1288).

Plaintiff asserts the ALJ committed error by failing to develop medical evidence with respect to plaintiff's vertigo. At issue in the ALJ's decision under review here is the determination that plaintiff was no longer disabled after June 1, 1995. AT 33-34, 434. Plaintiff did not report problems of vertigo or allege disability based on this impairment during the relevant time period. AT 511-520 (in disability report dated August 19, 2002, plaintiff reported problems only with hand), 678 (plaintiff reported 2-3 month history of vertigo in February 2003), 682-683 (no vertigo complaints in April 2003), 701 (in neurological consult dated October 20, 2003, plaintiff reported complaints of vertigo over past ten months). In light of this record, the ALJ committed no error with respect to development of medical evidence.

Plaintiff further asserts the ALJ should have elicited testimony from plaintiff regarding his hand impairment. As discussed above, substantial evidence supports the finding of

medical improvement. Testimony was elicited at the hearing from the medical expert regarding plaintiff's hand impairment during the relevant time period. AT 845-846. Although plaintiff was represented by counsel at the hearing, no testimony by plaintiff or his wife was proffered regarding the alleged disability during the relevant time period. Given the lack of treatment after 1991 and the other record medical evidence, the court finds no error in the ALJ's failure to specifically question plaintiff or his wife at the hearing in this regard.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006 makras.ss